## THOMAS W. SAVELLE V. THE STATE.

No. 21487. Delivered March 19, 1941.
Rehearing Denied April 23, 1941.

The opinion states the case.

*Lytton R. Taylor,* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Harold S. Long,* Assistant District Attorney, both of El Paso, and *Lloyd W. Davidson,* State's Attorney of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is aggravated assault; the punishment, confinement in jail for two years and a fine of $1,000.00.

The wife of appellant had obtained a divorce from him. Their small child had been placed in the custody of the mother. The order of the court accorded appellant permission to visit the child at stated times. John Bryan, the injured party, was the father of appellant's wife. According to the testimony of the State, Mr. Bryan had undertaken to support appellant's son. It was his version that appellant constantly molested his daugh-

ter and had threatened upon occasions to whip him because of his efforts to prevent such molestation. It was appellant's version that the injured party, his former wife, and her mother undertook to keep him from seeing his child.

Touching the immediate circumstances surrounding the assault, it was shown in the testimony of the State that appellant came up behind the injured party as he was walking along a sidewalk and struck him a severe blow with a pistol. Mr. Bryan testified, in substance, that he did nothing to provoke the assault. The wounds inflicted upon the injured party were serious, his skull having been fractured. Physicians testified that he was unconscious for a number of days and that they were of the opinion at the time he was in the hospital he would not recover.

Appellant's testimony raised the issue of self-defense, which appears to have been adequately submitted in the charge of the court. Appellant testified that the injured party was in possession of a pistol which he attempted to draw, and that he (appellant) struck him with his pistol in order to protect himself. The testimony showed that Mr. Bryan was armed with a pistol. However, he testified that he made no attempt to draw the pistol and did not know appellant was behind him at the time of the assault. In short, he testified that he remembered nothing of the transaction as the blow he received rendered him unconscious.

We deem the evidence sufficient to support the judgment of conviction.

The only bill of exception in the record relates to the refusal of the court to permit appellant to introduce in evidence a letter which he asserted he had received from his wife. The bill shows that if the appellant had been permitted to testify as to the contents of the letter he would have stated that his wife had written him, in substance, that she had been untrue to him There is nothing in the bill of exception to show the relevancy or materiality of the proffered testimony. Under the circumstances, we are unable to determine from the bill whether the State's objection was improperly sustained.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant complains that due consideration was not given to his bill of exception number one, which is the only bill of exception in the case, and which complains of the failure of the court to permit the appellant to introduce in evidence a letter which he received from his wife and in which he says that she admitted unfaithfulness. This was presented for the purpose of showing reason for the state of mind and grounds for the subsequent trouble which he and his wife had. We are unable to understand any purpose which this might have served in defense of the charge against him in this case. We have not heretofore considered and do not now think that it was pertinent to any issue in the case, or that it would reasonably have been expected to influence the jury one way or another, unless it should prejudice the jury against his wife. This was evidently appellant's purpose, but we cannot agree that he may introduce evidence having no other purpose than this just because the prosecuting witness is her father. To admit it would open up a field for the introduction of any and all testimony which might be considered prejudicial to a prosecuting witness to which there would be no end. We know of no authority authorizing it and see no reason why a lengthy discussion should be given.

Appellant's motion for rehearing is overruled.